**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **WANDA JEAN GARRETT,** § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | Case No. _____ | |
| § | | |
| **WOOD COUNTY, TEXAS** § | | |
| § | | |
| *Defendant*. § | | |

## PLAINTIFF'S COMPLAINT

COMES NOW, Wanda Jean Garrett, Plaintiff, (hereinafter referred to as "Garrett") complaining of Defendant, Wood County, Texas (hereinafter referred to as "Defendant" or "the County"), and would respectfully show unto the Court as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff invokes this Court's jurisdiction pursuant to the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), 42 U.S.C. § 12101 *et seq.,* Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e-2 as amended, and the Age Discrimination Employment Act 42 U.S.C. § 12117.

2. Venue is proper in the Eastern Division of the State of Texas pursuant to 28 U.S.C. ¶ 1391(c). The Defendant is a political subdivision that does not enjoy Eleventh Amendment immunity. (See *Crane v. State of Texas*, 759 F.2d 412, 416-417 (5th Cir. 1985)).

### II. PARTIES

3. Plaintiff, Wanda Jean Garrett, is a resident of the City of Winnsboro, the County of Wood, the State of Texas. Garrett was employed by the Defendant at all times relevant to the allegations set forth in this Complaint. She was an employee and an eligible employee within

the meaning of the ADA, 42 U.S.C. § 12101 *et seq*. Plaintiff has been subjected to unlawful employment practices committed within the State of Texas.

4. Defendant, Wood County, Texas is a county government that may be served with process by serving the county judge to-wit: Bryan Jeanes, 101 S. Main Street, Quitman, TX 75783.

### III. ADMINISTRATIVE PROCEDURES

5. Garrett filed a charge of employment discrimination against the Defendant with the District Office of the Equal Employment Opportunity Commission within 300 days of the acts complained of. Garrett received a "Notice of Right to Sue" concerning the charge by letter from the EEOC, dated February 22, 2017, entitling her to institute a civil action within 90 days of the date of the receipt of said notice.

### IV. BACKGROUND

6. Garrett began her employment with Wood County in 2005 as a maintenance worker at the County Courthouse. Garrett's employment with the Defendant was uneventful until she was injured on the job while disassembling a Christmas tree at the County Courthouse on January 4, 2016.

7. Following her injury, Garrett continued to work under doctor's restrictions. Then the County began to deny the ability to utilize trustees, adult and juvenile probationers, and individuals who were providing community service to fulfill the maintenance requirements. Ms. Garrett had been encouraging the County to hire someone to assist her for months, and after trustee help was denied it became more important. County Commissioner, Russell Acker stated to Ms. Garrett that she "could not hire any Mexicans." Garrett reported the remark.

8. Then unfortunately, Ms. Garrett's foot developed a diabetic ulcer. Even after this occurred, Ms. Garrett continued to work.

9. The County Commissioners scheduled a meeting to discuss Ms. Garrett's health on May 6, 2016. That meeting was canceled after Ms. Garrett hired two individuals, one part-time and one full-time. Then the County rescheduled the Commissioners' meeting to discuss her health. Ms. Garrett was invited to the meeting during which the part-time person was offered a full-time position. Ms. Garrett was told that she could not return to work until she was well. The County attempted to persuade Garrett's physician to complete Family Medical Leave paperwork, which he refused to do and told the County that it was not an issue for Garrett to continue to work. Nevertheless, the Commissioners sent Ms. Garrett home and refused to let her work.

10. On July 26, 2016 Ms. Garrett filed a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division and the Equal Employment Opportunity Commission stating that she had been subjected to discrimination by the County on based on her disability, age (55) and was retaliated against for opposing unlawful employment practices.

11. There was no reason to deny Ms. Garrett's accommodations or to send her home and refuse to permit her to work.

## V. **DISABILITY DISCRIMINATION**

12. The Defendant discriminated against Garrett because of her disability in violation of the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), as amended, and 42 U.S.C. §§ 12101 et seq. The discriminatory practices and policies include, but are not limited to the following:

  (a) Refusing Garrett's request for accommodation;

  (b) Refusing to let Garrett work;

    (c)    Discriminating against Garrett in the terms, conditions and privileges of employment; and

    (D)    By retaliating against Garrett in violation of the Act.

## VI. AGE DISCRIMINATION

13. The Defendant followed a policy and practice of discrimination against Garrett in violation of Title VII of the Civil Rights Act of 1964 as amended, and the Age Discrimination Employment Act by 42 U.S.C. § 12117 based on her age fifty-five (55). All conditions precedent to file this action have been satisfied. The discriminatory practices and policies include, but are not limited to the following:

    (a)    Sending Garrett home;

    (b)    Harassing Garrett and creating a hostile work environment;

    (c)    Replacing Garrett with younger employees who are not members of the protected class; and

    (d)    Discriminating against Garrett in the terms, conditions and privileges of Employment.

## VII. DAMAGES

14. The Defendant's conduct towards Garrett caused emotional pain and suffering, mental anguish and/or other nonpecuniary losses, for which Garrett seeks compensatory damages.

15. Garrett seeks statutory damages, back pay, front pay and or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, interest and such other and further legal and equitable relief to which Garrett is entitled.

## **VIII.**

All conditions precedent to the filing of this action have been fulfilled.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Garrett respectfully prays that Defendant be cited to appear herein, and, on hearing hereof, the Court grant the following:

1. Lost earnings and employee benefits in the past;
2. Compensatory damages in the past (which may include mental anguish and other nonpecuniary losses);
3. Liquidated damages;
4. Reinstatement to Garrett's former position of employment;
5. Reasonable and necessary attorney's fees;
6. Costs and prejudgment interest; and
7. Such other and further relief, both legal and equitable, to which Garrett may be justly entitled.

Respectfully submitted,

**LAW OFFICES OF JOHN E. WALL, JR.**
5728 Prospect Avenue, Suite 2001
Dallas, Texas 75206-7284
(214) 887-0100 (*telephone*)
(214) 887-0173 (*telecopier*)

*/s/ John E. Wall, Jr.*
John E. Wall, Jr.
State Bar No. 20756750
jwall@jwall-law.com

*Attorney for Plaintiff*

## JURY REQUEST

Plaintiff respectfully requests a jury trial.