**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| WANDA JEAN GARRETT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 2:17-CV-251-JRG |
| | § | |
| WOOD COUNTY, TEXAS, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Wood County, Texas' ("Defendant" or "Wood County") Motion to Change Venue (Dkt. No. 3) ("the Motion"). After considering the same, the Court finds that Defendant's Motion should be and hereby is **GRANTED**.

**I.     BACKGROUND**

Plaintiff Wanda Jean Garrett ("Plaintiff" or "Garrett") is a resident of Wood County, which is in the Tyler Division of the Eastern District of Texas. (Dkt. No. 1 at ¶ 3.) In 2005, she began working as a maintenance worker for Wood County. (*Id.* at ¶ 6.) She was injured while disassembling a Christmas tree at the Wood County Courthouse (in Quitman) on January 4, 2016. (*Id.* at ¶ 6.) She also developed a diabetic ulcer. (*Id.* at ¶ 8.)

After her injury and subsequent medical problems, Garrett alleges that the County Commissioners Court of Wood County refused to let her work "until she was well." (*Id.* at 9.) As a result, on July 26, 2016, Garrett filed a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division and Equal Employment Opportunity Commission alleging discrimination, based on her age and disability, and retaliation. (*Id.* at ¶ 10.) This filing resulted

in Garrett receiving a "Notice of Right to Sue," on February 22, 2017, and Garrett filed this lawsuit shortly after on April 3, 2017. (Dkt. No. 1 at ¶ 5.)

On May 3, Defendant filed the instant Motion objecting to venue and seeking to transfer this case from the Marshall Division of the Eastern District of Texas, in which this case was originally filed, to the Tyler Division. Defendant argues first that venue is improper in the Marshall Division and therefore transfer is appropriate under 28 U.S.C. § 1406 and second, in the alternative, that transfer is appropriate under 28 U.S.C. § 1404(a). (Dkt. No. 3.)

## II.   LEGAL STANDARD

### A. Transfer under § 1406

If a case is initially filed in the "wrong" district or division, a district court may either dismiss the case or, "if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

### B. Transfer under § 1404(a)

A district court in which a case was properly filed may still transfer a case based on "the convenience of parties and witnesses" to another district where the case could have been brought. 28 U.S.C. § 1404(a).

The first inquiry in evaluating whether transfer is appropriate according to § 1404(a) is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*"). Next, the Court considers various public and private factors relating to the convenience of the parties and witnesses as well as the interests of the particular venues in hearing the case. *Id.* These factors apply with equal force in considering motions to transfer within a judicial district. *See In re Radmax, Ltd.*, 720 F.3d 285 (5th Cir. 2013).

2

The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203.

The public factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

### III.   DISCUSSION

#### A.  Whether Venue is Proper

Defendant argues that venue is improper under § 1406 because this case was "filed in the Marshall Division instead of the Tyler Division of the Eastern District of Texas." (Dkt. No. 3 at 5 (discussing § 1406 rather than § 1391).) However, § 1406 provides no basis for concluding that a particular venue is right or wrong. Section 1406 merely tells a court what to do once it has concluded that a case was filed in the wrong venue. The question of whether venue is proper must be answered by looking to the appropriate venue statute. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 578 (2013). Here, the applicable venue statute is 28 U.S.C. § 1391. The text of § 1391 defines a proper venue based on where defendants reside, where a substantial part of the events in a case took place, or where defendants are subject to personal jurisdiction. 28 U.S.C. § 1391. In each circumstance, the statute refers to judicial *districts* rather than particular *divisions*. *Id.* The Fifth Circuit has recognized that "[n]umerous lower courts within the Fifth Circuit" have held that § 1391 "speaks in terms of *districts not divisions*" and it reached the same conclusion with respect to a similar statute. *United States v. Real Prop. Known*

*As 200 Acres of Land Near FM 2686 Rio Grande City, Tex.*, 773 F.3d 654, 658 (5th Cir. 2014). While other venue statutes still assign importance to judicial divisions, *see, e.g., Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644 (5th Cir. 1994) (noting that when a case is removed to the wrong division in a particular judicial district § 1406(a) permits a court to transfer it to the proper division), that significance "long ago disappeared" with respect to § 1391. *Smith v. Michels Corp.*, No. 2:13-CV-00185-JRG, 2013 WL 4811227, at *2 (E.D. Tex. Sept. 9, 2013). *See also* 14D CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3809 (4th ed. 2017) ("[T]here is no longer any statutory requirement [under § 1391] that venue in federal civil cases be laid in a particular division within a district.").

Accordingly, the Court holds that venue is proper in any division within the Eastern District of Texas so long as venue is proper in the Eastern District of Texas as a whole. There is no dispute that venue would be proper in the Tyler Division of the Eastern District of Texas. (Dkt. No. 3 at 5 ("Defendant respectfully prays the Court will transfer this matter to its proper division, the Tyler Division of the Eastern District of Texas, where venue is proper."); Dkt. No. 6 at 2("Venue is proper in any division in the Eastern District of Texas . . . .").) Therefore, venue is proper here.

**B. Whether Transfer is Appropriate**

Given that venue is proper in the Eastern District of Texas, the Court proceeds to assess whether transfer is appropriate under § 1404(a). The Court finds that it is. First, this case could have been filed in the Tyler Division of the Eastern District of Texas. Second, upon considering each of the applicable public and private factors related to transfer pursuant to 28 U.S.C. § 1404(a), the Court finds that, on balance, such factors weigh in favor of transfer.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion under § 1406 is **DENIED**, but its Motion under § 1404(a) is **GRANTED**.  Accordingly, it is hereby **ORDERED** that this case be and it is transferred to the Tyler Division of the Eastern District of Texas.  The Clerk of the Court shall forthwith take such steps as are needed to effectuate the transfer.  Furthermore, the undersigned shall retain responsibility for this matter as presiding judge following transfer.

**So ORDERED and SIGNED this 14th day of August, 2017.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE